## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**RALPH L. WATTS,**

                **Plaintiff,**

      **v.**

**HONORABLE ROBERT F. PHILLIPS, Judge, Charlton Probate Court,**

                **Defendant.**

                                **1:16-cv-399-WSD**

## OPINION AND ORDER

This matter is before the Court on the required frivolity review of Plaintiff Ralph L. Watts' ("Plaintiff") Complaint [3].

## I.    BACKGROUND

On February 8, 2016, Plaintiff filed his Application for Leave to Proceed *In Forma Pauperis* ("IFP Application") [1], attaching his proposed complaint [1.1]. On February 10, 2016, Magistrate Judge Walter E. Johnson granted [2] the IFP Application and submitted Plaintiff's Complaint to the Court for the frivolity review required under 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's Complaint alleges that, in 1994, he purchased approximately one acre of property from Lillie Mae Harvey ("Seller"). (Compl. at 1, 9). Plaintiff

asserts that Defendant Honorable Robert F. Phillips ("Defendant"), a state probate court judge, later granted "Administrator Rights" over Plaintiff's property to Robert Jordan, Lillie Mae Harvey's brother ("Seller's Brother").  (Id. at 1, 3, 9-10).  After administrator rights were granted to Seller's Brother, he demanded that Plaintiff pay him $5,000 for the property.  (Id. at 9-10).  Plaintiff paid the amount demanded but Seller's Brother refused to issue a deed to Plaintiff.  (Id.).  Plaintiff alleges that Defendant "prevent[ed] [him] from exercising [his] Civil Right to own and enjoy [his] property."  (Id. at 1).  Plaintiff also alleges other "Civil Rights" violations by several non-defendants that "cost [him] thousands of dollars and change[d] [his] living conditions."  (Id. at 1-2).  Plaintiff does not identify the relief he seeks.

## II.    DISCUSSION

### A.    Legal Standard

A court must dismiss a complaint filed *in forma pauperis* if at any time the court determines the action is frivolous or malicious or that it fails to state a claim on which relief can be granted.  28 U.S.C. § 1915(e)(2)(B)(i)-(ii).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H&S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483,

1490 (11th Cir. 1997)).  Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

Review for frivolousness, on the other hand, "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).  A claim is frivolous when it "has little or no chance of success," that is, when it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'"  Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (quoting Neitzke, 490 U.S. at 327).  "[I]f the district court sees that an affirmative defense would defeat the action, a [dismissal on the grounds of frivolity] is allowed."  Clark v. State of Ga. Pardons & Paroles Bd., 915 F.2d 636, 640 (11th

3

Cir. 1990).

Plaintiff filed his Complaint *pro se*. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted). Nevertheless, a *pro se* plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure. See Beckwith v. Bellsouth Telecomms. Inc., 146 F. App'x 368, 371 (11th Cir. 2005). "Even though a *pro se* complaint should be construed liberally, a *pro se* complaint still must state a claim upon which the Court can grant relief." Grigsby v. Thomas, 506 F. Supp. 2d 26, 28 (D.D.C. 2007). "[A] district court does not have license to rewrite a deficient pleading." Osahar v. U.S. Postal Serv., 297 F. App'x 863, 864 (11th Cir. 2008).

B.   Analysis

Plaintiff's Complaint fails to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Under Rule 8, complaints must contain a "short and plain statement of the grounds for the court's jurisdiction" and "a demand for the relief sought." Fed. R. Civ. P. 8(a)(1), (3). Rule 10(a) provides that "[e]very pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation. The title of the complaint must name all the parties."

4

Id. 10(a).  Rule 10(b) provides that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Id. 10(b).  Plaintiff's Complaint does not comply with any of these provisions.  It does not include a jurisdictional statement, a statement of the relief sought, numbered paragraphs, a caption with the Court's name, or a title naming all of the parties.

Plaintiff also violates Rule 8(a)(2) of the Federal Rules of Civil Procedure. Plaintiff's Complaint includes (1) two pages of vague allegations, largely against non-defendants, (2) two pages summarizing information about the Seller's family and her acquisition of the property at issue in this case, and (3) several attachments the relevance of which Plaintiff does not explain.  This does not constitute "a short and plain statement of [Plaintiff's] claim[s] showing that [he] is entitled to relief." Id. 8(a)(2).

Although Plaintiff's *pro se* complaint should be construed liberally, he "must comply with the procedural rules that govern pleadings."  Beckwith, 146 F. App'x at 371.

> These rules work together 'to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.'

<u>Fikes v. City of Daphne</u>, 79 F.3d 1079, 1082 (11th Cir. 1996) (quoting <u>T.D.S. v.</u> <u>Shelby Mut. Ins. Co.</u>,760 F.2d 1520, 1543 n. 14 (11th Cir. 1985)).

In light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to amend his Complaint to comply with the Federal Rules of Civil Procedure.  Plaintiff is required to file, on or before July 5, 2016, an amended complaint that complies with the Federal Rules of Civil Procedure.  Failure to do so will result in dismissal of this action.  <u>See</u> LR 41.3(A)(2), NDGa.

## III.    CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that that Plaintiff shall file, on or before July 5, 2016, an amended complaint that complies with the Federal Rules of Civil Procedure.  Failure to do so will result in dismissal of this action.

**SO ORDERED** this 15th day of June, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

6